IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

STEEDA SALES AND SERVICES, LLC,

Plaintiff,

v. Case No. 7:16-cv-211

FREEPLAY MUSIC, LLC, and
TUNESAT, LLC,

Defendants.
____________________________________/

**<u>COMPLAINT</u>**

Plaintiff STEEDA SALES AND SERVICES, LLC ("Steeda") hereby sues Defendants FREEPLAY MUSIC, LLC ("Freeplay") and TUNESAT, LLC ("Tunesat") and alleges as follows:

**<u>PARTIES, JURISDICTION AND VENUE</u>**

1. This is an action for declaratory judgment (Federal Declaratory Judgment Act, 28 U.S.C. § 2201), injunctive relief (Lanham Act, 15 U.S.C. § 1116; Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq*) and damages (Georgia's Fair Business Practices Act, O.C.G.A.§ 10-1-390 *et seq*; Fraud and Deceit, O.C.G.A. §§ 51-6-1 and 51-6-2) arising from a "bait and switch" scheme employed by Defendants to extort exorbitant retroactive licensing

fees from consumers who download "free" music from the Freeplay music website.

2. Plaintiff Steeda Sales and Services, LLL ("Steeda") is a Florida corporation having its principal place of business at 2019 Steeda Way, Valdosta, Lowndes County, Georgia.

3. Defendant Freeplay Music, LLC is a Delaware limited liability company whose principal place of business is at 1650 Broadway, Suite 1108, New York, NY 10019. Freeplay is not registered or authorized to do business in Georgia, and does not maintain a place of business in Georgia. Freeplay may be served with process by providing a copy of the Summons and Complaint in this action to its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. Defendant Tunesat, LLC is a Delaware limited liability company whose principal place of business is at 1650 Broadway, Suite 1114, New York, NY 10019. Tunesat is not registered or authorized to do business in Georgia, and does not maintain a place of business in Georgia. Tunesat may be served with process by providing a copy of the Summons and Complaint in this action to its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (civil actions relating to copyright) and 28 U.S.C. § 2201 (Declaratory Judgment).

6. This Court has federal question jurisdiction in this matter in that Plaintiff seeks a declaration of rights under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Additionally, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 and Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91.

7. Venue lies within this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) in that a substantial part of the events or omissions giving rise to the claim occurred within the Middle District of Georgia, and Defendants are subject to the personal jurisdiction of this Court in this Judicial District. Specifically, Defendants regularly transact or solicit business in the Middle District of Georgia, sell goods or services in the Middle District of Georgia, derive substantial revenue from goods used or consumed or services rendered in the Middle District of Georgia, and has caused a tortious injury to Plaintiff in the Middle District of Georgia.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Steeda is in the business of selling replacement and performance parts for Ford vehicles. Steeda's principal place of business is in Lowndes County, Georgia.

9. Freeplay is in the business of providing online media contents to consumers. As its name inherently suggests, Freeplay markets itself as offering "free" music for download to consumers. The reality is far different. On information and belief, Freeplay's business model is structured upon a misleading "bait and switch" scenario. It entices unsuspecting members of the public to download its music by claiming the use of such music is "free" when used on YouTube. After the consumer has downloaded the music and used it in virtually any manner, Freeplay contacts the consumer and demands a retroactive license fee for the allegedly unauthorized use of copyrighted material.

10. Upon information and belief, Tunesat and Freeplay were co-founded by Scott Schreer and Chris Woods, and are both located on the same floor of the same office building in New York City. Tunesat and Freeplay coordinate with one another in this deceptive scheme perpetuated on consumers. Tunesat "monitors" the web for supposed infringement on behalf of Freeplay, and notifies Freeplay when it has located a consumer who has used Freeplay's "free" music.

11. On information and belief, Freeplay generates a significant portion of its revenue through its aggressive license fee demands, coupled with threats of copyright infringement litigation. Individual consumers, caught completely unaware, are squeezed into paying Freeplay – typically far more that Freeplay would have charges for a license in the first place. Consumers drawn to Freeplay

by the promise of "free" music, generally lack the financial wherewithal to seriously challenge Freeplay's shakedown tactics.

12. Since its inception in 2001, Freeplay has asserted copyright infringement claims in at least two dozen lawsuits, extracting settlement in these litigation matters and upon information and belief, in an untold number of other instances where the simple threat of litigation was enough to extract a shakedown from consumers who mistakenly thought they were getting exactly what www.freeplaymusic.com advertises – i.e., music that was "free" to use.

13. On information and belief, the www.freeplaymusic.com website has contained hundreds of the word "free" in its metadata, including the stand-alone phrases such as "free music downloads" and "free music." This practice ensures that the Freeplay website is one of the first websites displayed during a Google search for "free music."

14. In the last several years, Freeplay has aggressively taken its deceptive practices to YouTube, a platform used by tens, if not hundreds of millions of users around the world to upload videos. When a consumer looking for music to incorporate into a YouTube video searches Google with the term "free music," one of the top search results is Freeplay's website www.freeplaymusic.com. A user who clicks through to Freeplay's website then sees the following offer, prominently displayed on Freeplay's homepage: "15,000 SONGS, FREE MUSIC

FOR YouTube AND MORE." A copy of Freeplay's current webpage is attached to this Complaint as Exhibit "A". After luring in unsuspecting consumers with the promise of "free music", Freeplay then encourages consumers to use the music and include the music in their own YouTube videos. Once a consumer "takes the bait," Freeplay then traps the consumer by demanding that he or she pay an outrageous "retroactive license fee" for the use of music that was allegedly "free."

15. Unlike most content owners, once a consumer uses Freeplay's music in a fashion Freeplay deems to be "illegal", Freeplay does not simply issue a takedown notice and request that the consumer remove the content. Instead, Freeplay sends the individual consumer a shakedown demand, threatening litigation if the consumer does not pay Freeplay an outrageous retroactive license fee.

16. In 2009, Steeda downloaded several music files from www.freeplaymusic.com and incorporated "snippets" of music into a small number of YouTube videos.

17. When Steeda downloaded music from www.freeplaymusic.com, the website did not utilize a shopping cart or any other payment feature to collect payment in order to download music from the website. Visitors to the website could freely download any music available on the www.freeplaymusic.com

website with the complete and reasonable belief that the download was permissible and not infringing.

18. When Steeda downloaded music from the www.freeplaymusic.com website, it did so fully and reasonably believing and understanding that the download was permissible and not infringing.

19. When Steeda downloaded the music from www.freeplaymusic.com website, the website did not request payment nor did it require Steeda to agree to any terms of use in order to download music from the website.

20. When Steeda downloaded the music from www.freeplaymusic.com website, the website did not require users to read, let alone agree to, any warning, terms of use or other indication that Freeplay might request payment for use of the music in order to download music from the website. Similarly, the website did not require Steeda to obtain a license for the downloaded music prior to downloading.

21. Freeplay's representations, nondisclosures, concealment, and the structure and organization of the www.freeplaymusic.com website led users in general, and specifically Steeda, into reasonably believing and expecting that the music on the www.freeplaymusic.com website was free as advertised.

22. Freeplay's failure to indicate that Freeplay might seek payment for using music made available on the www.freeplaymusic.com website constitutes the nondisclosure and intentional concealment of a material fact. Had Freeplay

engaged in truthful advertising and been upfront about the need to pay a licensing fee, Steeda would have never downloaded its music.

23. Freeplay's representations, nondisclosure, and concealment, coupled with the structure and organization of the www.freeplaymusic.com website, created an actual or implied license to download and use the music that was available on the website and promoted as being "free."

24. Because of the powerful draw of "free" products and services on consumers, virtually every level of government has promulgated rules, regulations and guidelines that specifically prohibit false and misleading representations concerning "free" offers of the type Freeplay has made.

25. The Federal Trade Commission, for example, has promulgated a "Guide Concerning the Use of the Word 'Free' and Similar Representations." (the "Guide").[1] The Guide explains: "Because the purchasing public continually searches for the best buy, and regards the offer of 'Free' merchandise or service to be a special bargain, all such offers must be made with extreme care so as to avoid any possibility that consumers will be misled or deceived." 16 C.F.R. § 251.1(a)(2). The Guide thus provides that "[w]hen making 'Free' or similar offers all the terms, conditions and obligations upon which receipt and retention of the

[1] See Guide Concerning the Use of the Word "Free" and Similar Representations, 16 CFR § 251.1 https://www.ftc.covienforcementirulesirulemakinc-reculatorv-reform-proceedindsiguide-concernind:.use-word-free-sim liar (last visited Apr. 26, 2016).

'Free' item are contingent should be set forth clearly and conspicuously at the outset of the offer so as to leave no reasonable probability that the terms of the offer might be misunderstood." Id. at § 251.1(c).

26. Similarly, the Rules of the City of New York ("RCNY"), where Freeplay and Tunesat are based, provide that "[a] seller who imposes a condition on a free offer must describe the condition *clearly and conspicuously.*

> A seller who imposes a condition on a free offer must describe the condition clearly and conspicuously. The description of every condition on a free offer must be placed near the word "free." An asterisk or other symbol near the word "free," which refers the customer to a footnote containing conditions, does not satisfy this section. This condition must be in print at least half as large as the print used for the word "free."

*See* 6 RCNY § 5-06(b).

27. Notwithstanding these rules and regulations, Freeplay has brazenly misrepresented to consumers that it offers "FREE MUSIC FOR YOUTUBE" without the requisite "clear and conspicuous" disclosure of the conditions that purportedly must be met for the offer of "free music" to apply.

28. On or about October 13, 2016, Tunesat, in collusion with Freeplay, informed Steeda that it had found 33 instances where Steeda allegedly used portions of Freeplay’s copyrighted music.

29. Steeda promptly removed the “offending” music from the identified videos.

30. On November 10, 2016, Tunesat, on behalf of Freeplay, demanded that Steeda pay the sum of "$179,250 to resolve this matter." A copy of Tunesat's email is attached hereto as Exhibit "B".

31. Freeplay currently charges a licensing fee of $100 per year per tract. See Exhibit "C" attached hereto. Assuming that Steeda had purchased licenses in 2009 from Freeplay at the current licensing rate, they would have paid Freeplay only $26,400 (33 tracks x $100 x 8 years).

32. Unless Freeplay's and Tunesat's predatory business practices are put to a halt, Steeda and members of the public will continue to be harmed by Defendants' deceptive trade practices.

## COUNT I

## (For Declaratory Judgment – Non-Infringement of Copyright

33. Plaintiff Steeda re-alleges herein by reference each and every allegation contained in paragraph 1 through 31 above as if set forth fully herein.

34. Steeda seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*, that it has not infringed upon any copyright owned by Freeplay.

35. There is an actual and justiciable controversy between Plaintiff and Defendants. Defendants claim that Freeplay owns and has standing to pursue claims for infringement of certain copyrights, and that Steeda has infringed such

copyrights by using copyrighted material without a license. Conversely, Steeda denies Defendants' claims and contends that it has not infringed upon Freeplay's copyright.

36. Given Defendant Freeplay's history of filing copyright infringement actions against consumers who have downloaded "free" music from the Freeplay website, Defendants' conduct has created a real and reasonable apprehension of liability on the part of Steeda.

37. Defendants have engaged in a course of conduct that has brought them into adversarial conduct with Steeda.

38. As shown by the facts alleged above, under all the circumstances, there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39. Steeda is entitled to a declaratory judgment confirming that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Freeplay, either directly, or by inducing others to infringe, or by contributing to the infringement of others.

## COUNT II

### (Federal False Advertising – Freeplay)

40. Plaintiff re-alleges herein by reference each and every allegation contained in paragraph 1 through 39 above as if set forth fully herein.

41. Freeplay, by misrepresenting that persons could obtain “free music” for their YouTube videos, made false, deceptive, and misleading descriptions and representations of fact in its commercial advertising concerning the nature, characteristics, and qualities of its goods, services, and commercial activities, in violation of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(B).

42. Freeplay's false, deceptive, and misleading descriptions and representations that its music was "free," without adequate disclosure of the conditions and limitations under which its music is not "free," have deceived, and are likely to deceive, purchasers and consumers, such as Steeda.

43. Steeda has been deceived and misled by Freeplay's false and misleading advertising and representations.

44. Freeplay's false, deceptive, and misleading advertising have caused damage to Steeda. Amongst other things, Steeda has been forced to retain legal counsel to defend itself from Freeplay’s demand for retroactive licensing fees.

45. Freeplay's false, deceptive, and misleading advertising has caused, and will continue to cause, irreparable injury to Steeda’s goodwill, reputation and viewership, for which there is no adequate remedy at law.

46. Pursuant to 15 U.S.C. § 1116, Steeda is entitled to an injunction restraining Freeplay, its agents (including Tunesat), employees, representatives and all persons acting in concert with it, from directly or indirectly engaging in further

acts of false advertising, and ordering removal of all of Freeplay's false advertisements.

47. Pursuant to 15 U.S.C. § 1117, Steeda is entitled to recover the damages sustained as a result of Freeplay's acts in violation of Lanham Act Section 43(a), in an amount to be proven at trial.

48. Pursuant to 15 U.S.C. § 1117, Steeda is entitled to recover from Freeplay the profits that it has obtained as a result of its false, deceptive, and misleading advertising.

49. Freeplay's conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith. As a result, Steeda is thus entitled to recover additional damages, profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT III**

**(Violation of Georgia's Uniform Deceptive Trade Practices Act)**

50. Plaintiff re-alleges herein by reference each and every allegation contained in paragraph 1 through 49 above as if set forth fully herein.

51. Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A.§ 10-1-370 *et seq*, prohibits Defendants from engaging in the following deceptive trade practices:

a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have. See O.C.G.A. § 10-1-372(a)(5).

b) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another. See O.C.G.A. § 10-1-372(a)(7).

c) Advertising goods or services with intent not to sell them as advertised. See O.C.G.A. § 10-1-372(a)(9).

d) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. See O.C.G.A. § 10-1-372(a)(12).

52. Freeplay's false, misleading, and deceptive statements and representations that its music is "free," without adequate disclosure of the conditions and limitations under which its music is purportedly not "free," are deceptive and materially misleading, and violate Georgia’s Uniform Deceptive Trade Practices Act.

53. Defendants' conduct is and has been willful, deliberate, intentional, and in bad faith.

54. Steeda has suffered and will continue to suffer irreparable harm if the Defendants continue to engage in such deceptive and unfair practices.

55. Pursuant to O.C.G.A. § 10-1-373(a), "a person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable."

56. Defendants' deceptive and unconscionable actions warrant injunctive relief enjoining Defendants and their officers, agents, servants, employees, assigns, representatives, and all those acting in concert or participating with them, from engaging in, committed, or performing, directly or indirectly, the unfair and deceptive trade practices alleged in this Complaint.

57. Pursuant to O.C.G.A. § 10-1-373, Steeda is entitled to reasonable attorney's fees.

**COUNT IV**

**(Violation of Georgia's Fair Business Practices Act)**

58. Plaintiff re-alleges herein by reference each and every allegation contained in paragraph 1 through 57 above as if set forth fully herein.

59. By offering "free" music over the internet, Freeplay intended to encourage consumer transactions and was engaged in "consumer acts or practices" as that term is defined in Georgia's Fair Business Practices Act.

60. Georgia's Fair Business Practices Act, O.C.G.A.§ 10-1-390 *et seq*, prohibits Defendants from engaging in the following deceptive trade practices:

a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have… See O.C.G.A. § 10-1-393(b)(5).

b) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another. See O.C.G.A. § 10-1-393(b)(7).

c) Advertising goods or services with intent not to sell them as advertised. See O.C.G.A. § 10-1-393(b)(9).

61. Freeplay's false, misleading, and deceptive statements and representations that its music is "free," without adequate disclosure of the conditions and limitations under which its music is purportedly not "free," are deceptive and materially misleading, and violate Georgia's Uniform Deceptive Trade Practices Act.

62. Defendants' conduct is and, at all relevant times, has been willful, deliberate, intentional, and in bad faith.

63. Pursuant to O.C.G.A. § 10-1-399, Steeda is entitled to recover the general and exemplary damages sustained as a result of Defendants' violations of Georgia's Uniform Deceptive Practices Act in an amount to be proven at trial, plus

treble damages for an intentional violation, plus attorney's fees and costs of litigation.

**COUNT V**

**(Common Law Fraud and Deceit)**

64. Plaintiff re-alleges herein by reference each and every allegation contained in paragraph 1 through 63 above as if set forth fully herein.

65. Freeplay's website name, www.freeplaymusic.com, was, at all relevant times, a representation that the music provided on that website is free. This was an affirmative representation that Freeplay would not demand payment for use of music downloaded from the website.

66. On information and belief, at all relevant times, and at least from 2008 through the dates of Steeda's downloads in approximately 2009, Freeplay's website included statements in the metadata that the www.freeplaymusic.com website offered "free" content, "free music: and "free music download." There were also affirmative representations that Freeplay would not demand payment for use of music downloaded from the website.

67. On information and belief, at all relevant times, and at least from 2008 through the dates of Steeda's downloads in approximately 2009, the www.freeplaymusic.com website did not have any requirement that users pay for music or even agree to pay for music as a condition of downloading music from

the website. Freeplay knowingly and willfully concealed and failed to disclose material facts regarding the actual cost to Steeda to download music. Freeplay engaged in this nondisclosure and concealment with the bad faith intention of subsequently exploiting such hidden information, in collusion with Tunesat, by claiming that Steeda could not use Freeplay's music without a license.

68. On information and belief, Freeplay knew that its affirmative misrepresentations, nondisclosure and concealment were false and misleading when it included frequent uses of the word "free" in the metadata in order to draw users to the www.freeplaymusic.com website when users conducted Internet searches for "free music,"

69. On information and belief, Freeplay specifically wrote the terms "free," "free music," and "free music download" into the metadata knowing that it planned to assert that music on the www.freeplaymusic.corn website was not free. Freeplay's failure to indicate that it and Tunesat, in collusion with Freeplay, would later contend that payment was required to use the music constituted intentional misrepresentation, nondisclosure, and concealment of material facts.

70. Aside from any duty arising from good faith, fair dealing, ethical business conduct, or statutory requirements, Freeplay had a duty to disclose the material information that Freeplay intended to assert that payment was required to use the "free" music available on the www.freeplaymusic.com website because of

the business name it elected to use, its organization and promotion of the www.freeplaymusic.com website, and the specific inclusion of the terms "free," "free music," and "free music download" in its website's metadata.

71. On information and belief, Freeplay intentionally concealed and diverted users' attention away from the terms and conditions on its website, purposefully made the licensing structure confusing and seemingly free, revised the terms and conditions without notice or warning to users and then applied the new terms and conditions retroactively, and denied users any opportunity, once made aware of Freeplay's pricing structure to withdraw their licenses, without paying outlandish settlement costs in the process.

72. Freeplay knew and intended that Steeda and other users of the www.freeplaymusic.com website would be deceived by these misrepresentations, nondisclosures and concealment into believing that the music was free to download and use.

73. Freeplay knew and intended that Steeda and other users of the www.freeplaymusic.com website would reasonably rely to their detriment on the misrepresentations, nondisclosure, and concealment by downloading and using the music believing it was free.

74. On information and belief, at the time Freeplay made its music available for download on its website, Freeplay intentionally failed to disclose and

concealed the fact that the music on www.freeplaymusic.com was in fact not "free" with the purpose and intent of creating a deceptive trap. This trap consisted of Steeda downloading music, believing it to be free, whereafter Freeplay would have Tunesat detect these uses of music downloaded from the www.freeplaymusic.com website, and then assert copyright infringement claims against Steeda so that Freeplay could demand an extortionate settlement from Steeda.

75. Steeda reasonably and justifiably relied on Freeplay's representations.

76. Steeda would not have downloaded and used the "free” music on the www.freeplaymusic.com website absent Freeplay’s misrepresentations, nondisclosures and concealments.

77. As a direct and proximate consequence of the wrongful conduct described above, Steeda has been injured as set forth hereinabove, and has also incurred the time and expense associated with having to remove and replace videos and having to pursue this action.

78. Freeplay's intentional misrepresentations, nondisclosures and concealments were substantial, direct and proximate factors in causing Steeda’s harm.

79. At all relevant times, Defendants acted with willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise

the presumption of consciousness indifference to consequences; thereby entitling Steeda to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

WHEREFORE, Plaintiff Steeda prays for judgment against Defendants as follows:

a) A declaration that Plaintiff Steeda is not infringing, has not infringed, and is not liable for infringing any copyright owned by Defendant Freeplay, either directly or indirectly, or by inducing others to infringe, or by contributing to the infringement of others;

b) For a preliminary and permanent injunction enjoining Defendants, and their officers, agents, servants, employees, assigns, representative, and all those acting in concert or participating with them, from engaging in, committed, or performing, directly or indirectly, from unfair and deceptive trade practices, including, but not limited to, the acts and practices alleged in this Complaint;

c) A Judgment against Defendant Freeplay for compensatory damages, treble damages, punitive damages, and pre-judgment interest;

d) For costs of suit incurred herein;

e) For attorney's fees as may be provided by statute; and

f) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Steeda demands a trial by jury on all issues triable as of right by a jury.

Respectfully Submitted this 10th day of November, 2016,

*s/ Edward F. Preston*
Edward F. Preston
Georgia Bar No. 587416
COLEMAN TALLEY LLP
Post Office Box 5437
Valdosta, GA 31603-5437
Telephone: (229) 242-7562
Facsimile: (229) 333-0885
Email: ed.preston@colemantalley.com

***Attorneys for Plaintiff Steeda Sales and Services, LLC***